UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEIGHTON JOHNSON,    Plaintiff, | : : : | CASE NO. 3:15-cv-532 (VAB) |
| v. | : : | |
| LEO C. ARNONE, et al.,    Defendants. | : : : | JULY 15, 2015 |

## INITIAL REVIEW ORDER

Plaintiff, Leighton Johnson, currently incarcerated at the Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983. The Court received the complaint on April 9, 2015, and granted the plaintiff's motion to proceed *in forma pauperis* on April 27, 2015. The defendants are Commissioner Leo Arnone[1], Warden Maldonado, Deputy Warden Cyr, Assistant Deputy Warden Mulligan, Deputy Commissioner Dzurenda, Counselor Supervisor Peterson, District Administrator Lajoie, Administrative Remedies Coordinator Miller, and the State of Connecticut Department of Correction.

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480

---

[1] The caption of the complaint incorrectly spelled the Commissioner's first name as "Leon."

F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

I.   Allegations

For purposes of this review, the Court must assume the truth of the following allegations. *Twombly*, 550 U.S. at 555.

On November 23, 2011, Mr. Johnson was placed on in-cell restraint status at Northern Correctional Institution for three days.  During that time, Mr. Johnson was confined in a cell with feces on the walls and vent.  The blanket and mattress he was given were smeared with feces and stained with urine.  The mattress also had food and blood stains.  As Mr. Johnson allegedly was confined in handcuffs, shackles and a tether chain with black box, he was unable to clean himself properly after defecating and was not provided soap to wash his hands.  The toilet could only be flushed from outside the cell when lieutenants were in the housing unit.  The smells from the cell and toilet made him feel nauseous and caused headaches.

During the winter of 2011-12 and part of April 2012, Mr. Johnson experienced severely cold temperatures in his cell.  On January 22, 2012, Mr. Johnson submitted an inmate request form complaining of the cold temperatures.  On January 25, 2012, he was told that the heating

concerns were being addressed by the maintenance unit.  On January 31, 2012, correctional officials issued a memorandum stating that the heating system would be interrupted while maintenance staff made repairs.  The cold temperatures persisted and, on February 15, 2012, Mr. Johnson filed a grievance.  Mr. Johnson received a response to his grievance on April 5, 2012 stating that his grievance was compromised because the heating problem existed for only a short period and was promptly corrected.  Mr. Johnson filed a second grievance on April 11, 2012, which was denied on May 1, 2012.

II.     Analysis

Mr. Johnson contends that the defendants violated his Eighth Amendment rights.   Count one of his complaint addresses his cell conditions while he was on in-cell restraint status. Count two addresses the cold temperatures in the housing unit.

The limitations period for filing a section 1983 action in Connecticut is three years. *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994).  "Federal law determines when a section 1983 cause of action accrues." Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002). The Second Circuit has held that a section 1983 cause of action accrues "'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'"  *Id.* (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)); *see also Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) ("A Section 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm.") (internal quotation marks and citation omitted).   Although the statute of limitations ordinarily is an affirmative defense, the district court "may dismiss an action *sua sponte* on limitations grounds in certain circumstances where 'the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.'"  *Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir.

2011) (quoting *Leonhard v. United States*, 633 F.2d 599, 600 n.11 (2d Cir. 1980)).

In the first count, Mr. Johnson alleges that his injury stemming from alleged unsanitary conditions occurred over three days commencing on November 23, 2011. He has been aware of his injury since that date. Thus, the claim(s) set forth in the first count should have been filed no later than November 2014. Mr. Johnson, however, did not sign and file his complaint until March 12, 2015, four months too late.

"Although federal law determines when a section 1983 claim accrues, state tolling rules determine whether the limitations period has been tolled . . . ." *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007) (citation and internal quotation marks omitted).

> "Equitable tolling is generally considered appropriate where the plaintiff actively pursued judicial remedies, but filed a defective pleading during the specified time period … where the plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant … or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion … When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled and (2) has proved that the circumstances are so extraordinary that the doctrine should apply."

*Ramos v. State Dep't of Correction*, No. DBD135009197, 2014 WL 5472171, at *8 (Conn. Super. Ct. Sept. 30, 2014) (quoting *Zerilli-Edelglass v. New York City Transit Authority*, 333 F.3d 74, 80-81 (2d Cir. 2003)). Another district court within this circuit has held that incarceration alone does not warrant equitable tolling. *See Perry v. Sony Music*, 463 F. Supp. 2d 518, 520 (S.D.N.Y. 2006) (holding that incarceration was insufficient to equitably toll limitations where there was no showing of diligence on the plaintiff's part, misconduct by the defendants or any other compelling ground).

Mr. Johnson has not alleged any facts suggesting that the limitations period should be

4

tolled or demonstrating that he acted diligently to file a timely complaint. He exhausted his administrative remedies by March 6, 2012, but did nothing for the next three years. Thus, his § 1983 claim(s) stemming from alleged unsanitary conditions experienced in November 2011 are dismissed without prejudice as time-barred.

Mr. Johnson's § 1983 claim set forth in count two was timely filed because he alleged that he was exposed to severely cold temperatures through April 2012, less than three years before the filing of the complaint.

Exposure to extreme cold for an extended period of time may give rise to a cognizable claim for unconstitutional conditions of confinement. *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001). However, while Mr. Johnson identifies defendants to whom he complained about the temperatures, he fails to allege facts permitting a plausible inference that those defendants were personally involved in the alleged deprivation and acted with the requisite state of mind. *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) ("In order to establish a violation of his Eighth Amendment rights, an inmate must show . . . a sufficiently culpable state of mind on the part of the defendant official, such as deliberate indifference to inmate health or safety. . . . A prison official may be found to have had a sufficiently culpable state of mind if he participated directly in the alleged event, or learned of the inmate's complaint and failed to remedy it, or created or permitted a policy that harmed the inmate, or acted with gross negligence in managing subordinates. . . . Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on a claim for damages under § 1983.") (internal quotation marks and citations omitted). Accordingly, the § 1983 claim(s) asserted in count two are dismissed without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

Mr. Johnson may file an amended complaint within thirty days from the date of this

order. Unless Mr. Johnson can show that the statute of limitations should be tolled as to his count one claim for unsanitary conditions of confinement, any amended complaint shall include only the claim in count two of the original complaint for exposure to cold temperatures, shall identify which defendant(s) were personally involved in that claim, and shall allege facts demonstrating their alleged involvement.

## ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

(1) The claim(s) regarding unsanitary conditions of confinement in count one is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as untimely filed.

(2) The claim(s) regarding exposure to cold temperatures in count two is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

(3) Consistent with the terms of this order, Mr. Johnson may file an amended complaint within thirty days from the date of this order.

**SO ORDERED** at Bridgeport, Connecticut, this fifteenth day of July 2015.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge