UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEIGHTON JOHNSON, | : | |
|     Plaintiff, | : | CASE NO. 3:15-cv-00532 (VAB) |
| | : | |
| v. | : | |
| | : | |
| LEO C. ARNONE, et al., | : | |
|     Defendants. | : | DECEMBER 23, 2015 |
| | : | |

## ORDER RE AMENDED COMPLAINT

Plaintiff, Leighton Johnson, currently incarcerated at the Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, filed a complaint *pro se* under 42 U.S.C. § 1983. He asserted two claims: unsanitary conditions of confinement and exposure to cold temperatures. On July 15, 2015, the Court dismissed the complaint without prejudice to filing an amended complaint, and instructed Mr. Johnson that he could include his claim regarding unsanitary conditions of confinement only if he could demonstrate that the statute of limitations should be tolled. The Court also instructed Mr. Johnson that the amended complaint must identify which defendants were personally involved in his claim regarding exposure to cold temperatures and allege facts demonstrating their alleged personal involvement. Mr. Johnson timely filed an amended complaint.

I.    Conditions of Confinement

Mr. Johnson first addresses the determination that the conditions claim is time-barred. As the Court explained in the Initial Review Order, the limitations period for filing a section 1983 action in Connecticut is three years. *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). The Second Circuit has held that a section 1983 action accrues "'when the plaintiff knows or has

reason to know of the injury which is the basis of his action.'" *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (internal quotation marks and citation omitted).  The limitations period may be equitably tolled under extraordinary circumstances if the plaintiff has acted with "reasonable diligence throughout the period" sought to be tolled.  *Zirilli-Edelglass v. New York City Transit Authority*, 333 F.3d 74, 80-81 (2d Cir. 2003).

Mr. Johnson first argues that the limitations period was tolled while he exhausted his institutional remedies.  Mr. Johnson is correct.  The Second Circuit has held that the limitations period is tolled during the time that an inmate exhausts his institutional remedies.  *See Gonzalez v. Hasty*, 651 F.3d 318, 323-24 (2d Cir. 2011).  Mr. Johnson concedes that the exhaustion process was completed on March 6, 2012.  Thus, he had three years, until March 6, 2015, to file his complaint.

Mr. Johnson stated that he intended to file this action in January 2015, but was unable to have his complaint notarized until March 12, 2015, six days after the limitations period expired.  He states that he gave the complaint to officials for mailing the same day it was notarized, but the mailroom delayed sending it to the court.  *See* Am. Compl. at 13.

There is no requirement that a complaint filed in federal court be notarized.  *See Vargas v. House of Corrections*, CIV. A. No. 89-2906, 1989 WL 79337, at *1 (E.D. Pa. June 29, 1989) ("Since the Federal Rules of Civil Procedure do not require that a complaint be notarized, [prisoner] plaintiff has failed to state a claim with regard to her right of access to the court.").  Mr. Johnson's *pro se* status and ignorance of the law do not constitute the "rare and exceptional circumstance[s]" that warrant equitable tolling.  *Rudaj v. Treanor*, 522 F. App'x 76, 77 (2d Cir. 2013).  Thus, there was no reason Mr. Johnson could not have filed his complaint before the limitations period expired.  The unsanitary conditions of confinement claim is dismissed as

barred by the statute of limitations.

II.     Cold Temperatures

In his second claim, Mr. Johnson alleged that he was subjected to cold temperatures during the winter of 2011-12 and in April 2012.  In the Initial Review Order, the Court noted that Mr. Johnson identified the persons to whom he complained about the temperatures but failed "to allege facts permitting a plausible inference that those defendants were personally involved in the alleged deprivation and acted with the requisite state of mind."  ECF No. 10 at 5.  The Court instructed Mr. Johnson that, if he included this claim in his amended complaint, he must identify the defendants personally involved in the claim and allege facts demonstrating their involvement.  *Id.* at 6.

In his amended complaint, Mr. Johnson alleges that defendants Maldonado, Cyr, and Peterson learned of inmates' complaints of cold and failed to remedy the situation.  They "blatantly lied about the seriousness (existence at all) of the problem and allowed the violation to continue for months on end."  Am. Compl. at 14.  Mr. Johnson alleges that this was not an isolated incident and contends that defendants Arnone, Mulligan, and Dzurenda created or permitted a policy harming the inmates.  He further alleges that the defendants acted negligently in managing subordinates and permitted the problem to continue despite inmate complaints.  Finally, Mr. Johnson alleges that defendants Quiros and Miller should not have denied the existence of a problem in denying his grievances, but should have remedied it.  Mr. Johnson attached to his amended complaint a copy of a February 15, 2012 grievance concerning cell temperatures.  He references a notice issued on January 31, 2012, informing inmates that there would be an interruption to the heating system while repairs were made.  The grievance was compromised.  The April 5, 2012 response noted that the facility had a heating issue for a short

time but that it had been corrected.  The grievance appears to have been decided by Warden Maldonado.  ECF No. 13 at 24.

Although Mr. Johnson contends that the defendants were aware of the situation and that the problem was not corrected in the two weeks between the issuance of the notice and his grievance, there are no facts showing that any defendant possessed the requisite culpable state of mind.  Defendants did not wholly ignore inmates' complaints about the heating, or Mr. Johnson's grievance about the same.  They responded to his first complaint within three days saying that his concerns about the heat were being addressed with the maintenance unit, Amend. Compl. ¶ 33, and responded to his later grievance as follows: "There was a short time frame where NCI did have a heating issue, which maintenance expeditiously corrected."  Absent any facts to support a plausible inference that defendants exhibited a mental state worse than negligence, Mr. Johnson fails to state a plausible claim against any of the defendants.  *See, e.g.*, *Seymore v. Dep't of Corr. Servs.*, No. 11 Civ. 2254 (JGK), 2014 WL 641428, at \*4 (S.D.N.Y. Feb. 18, 2014) (dismissing deliberate indifference claim for failure to plead that prison officials possessed a sufficiently culpable state of mind, where plaintiff alleged that defendants knew about conditions that caused his injury, but "at most, alleged that various defendants were negligent in failing to correct conditions, not that any defendant obdurately and wantonly refused to remedy a specific risk to the plaintiff"); *Rivera v. Bloomberg*, No. 11–CV–629, 2012 WL 3655830, at \*6 (S.D.N.Y. Aug. 27, 2012), *appeal dismissed* (Feb. 26, 2013) ("[a] prisoner's allegation that a supervisory official failed to respond to a grievance is insufficient to establish that the official exhibited deliberate indifference by failing to act on information indicating that the violation was occurring") (internal quotation marks, alterations, and citation omitted); *see also Dace v. Smith-Vasquez*, 658 F. Supp. 2d 865 (S.D. Ill. 2009) (fact that defendants did not

directly respond to prisoner's complaints regarding cold temperature in his cell during three-week period was not evidence that they did nothing at all, or that they were deliberately indifferent, especially given the fact that by the time prisoner mailed complaints, heating problem was already being addressed). At best, Mr. Johnson's allegations suggest that the defendants might have been negligent, but that falls short of deliberate indifference.

Mr. Johnson attempts to include as a defendant the maintenance unit and all supervisors. He does not provide the names of any of these individuals. The only allegation against them, however, is that the maintenance workers were negligent in failing to remedy the temperature issue sooner. Negligence is not cognizable under section 1983. *See Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996). Thus, the claims against these unnamed defendants must be dismissed.

Mr. Johnson has failed to comply with the instructions in the Initial Review Order, and failed to state a claim upon which relief can be granted. Accordingly, his claim regarding cell temperatures is dismissed.

III.   Conclusion

The claim regarding unconstitutional cell conditions in count one is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) as time-barred and the claim regarding cell temperatures is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted. The Clerk is directed to enter judgment in Defendants' favor and close this case. **SO ORDERED** at Bridgeport, Connecticut, this twenty-third day of December 2015.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE